SEL/WXE/lfr          06/23/17       16-071

COUNTY OF COOK      )
                    ) SS
STATE OF ILLINOIS   )

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAUREEN A. FOLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| COOK INCORPORATED, a corporation; ) | |
| COOK GROUP, INC, a corporation; ) | |
| COOK MEDICAL LLC, a limited liability ) | |
| Company f/k/a ) | |
| COOK MEDICAL INCORPROATED, a corporation, ) | |
| and COOK MEDICAL, INC., a corporation; ) | |
| COOK POLYMER TECHNOLOGY, ) | |
| COOK CANTON LLC, and ) | |
| WILLIAM COOK EUROPE, APS. ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AT LAW**

Plaintiff, MAUREEN A. FOLEY, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., complains of the defendant, COOK INCORPORATED , COOK GROUP, INC., COOK MEDICAL LLC f/k/a COOK MEDICAL INCORPORATED and COOK MEDICAL, INC., COOK POLYMER TECHNOLOGY, COOK CANTON LLC, and WILLIAM COOK EUROPE APS (collectively as "Cook" or "Defendants") upon information and belief states as follows.

**JURISDICTION & VENUE**

1.     Jurisdiction for this action is proper in this Court under 28 U.S.C. §1331(a)(1) because the Plaintiff and defendants are citizens of different states and the amount in controversy exceeds seventy-five thousand ($75,000) dollars excluding interest and costs.

2. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) and/or §1391(d), as the implantation of the Guenther Tulip IVC Filter (hereinafter "IVC Filter") and the resulting injury occurred in the Northern District of Illinois, and the defendants regularly conducted business in this district.

**PARTIES**

3. Plaintiff, MAUREEN FOLEY, is a citizen of the United States of America currently residing in Woodridge, Illinois.

4. Defendant, COOK INCORPORATED, is the parent company of defendant, COOK MEDICAL INCORPORATED a/k/a COOK MEDICAL, INC. and COOK MEDICAL, LLC, and is an Indiana Corporation with a principal place of business in Bloomington, Indiana. Defendant, COOK INCORPROATED, regularly conducts business in the State of Illinois and Indiana, and is authorized to do so.

5. Defendant, COOK GROUP, INC., is the parent company of Defendant, COOK MEDICAL INCORPORATED and COOK INCORPROATED, and is an Indiana Corporation with a principal place of business in Bloomington, Indiana. Defendant, COOK GROUP, INC., regularly conducts business in the State of Illinois and Indiana, and is authorized to do so.

6. Defendant, COOK MEDICAL LLC is an Indiana Limited Liability Company f/k/a COOK MEDICAL INCORPORATED, and COOK MEDICAL, INC with a principal place of business in Bloomington, Indiana. Defendant, COOK MEDICAL LLC, regularly conducts business in the State of Illinois and Indiana, and is authorized to do so.

7. COOK MEDICAL INCORPORATED, a/k/a COOK MEDICAL, INC., was an Indiana Corporation with a principal place of business located in Bloomington, Indiana that converted into Defendant, COOK MEDICAL, LLC. Defendant, COOK MEDICAL INCORPROATED a/k/a COOK MEDICAL, INC. regularly conducted business in the State of Illinois and Indiana, and was authorized to do so.

2

8. Defendant, COOK POLYMER TECHNOLOGY ("CPT") is an Indiana Corporation with a principal place in Bloomington, Indiana with a manufacturing facility in Canton, Illinois. CPT regularly conducts business in the State of Illinois, and is authorized to do so.

9. Defendant, COOK CANTON LLC, is an Illinois Corporation with a principal place of business in Canton, Illinois. Defendant, COOK CANTON LLC, regularly conducts business in the State of Illinois, and is authorized to do so.

10. Defendant, WILLIAM COOK EUROPE APS, is based in Bjaeverskov, Denmark and regularly conducts business in the State of Illinois and is authorized to do so.

11. At all times relevant, either through its predecessors, its own entity, or through an interrelated entity, Defendants has been actively engaged in the manufacturer, distribution, and designed of medical equipment and devices that are used for the prevention of recurrent pulmonary embolism via placement in the vena cava. Defendants' products include, but are not limited to, the Guenther Tulip IVC Filter ("IVC Filter"), which is the subject of this lawsuit.

12. At all times alleged herein, Defendants Cook include and included any and all parent companies, subsidiaries, affiliates, divisions, franchises, partners, joint venturers, and organizational units of any kind, their predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on their behalf.

## FACTUAL ALLEGATIONS

13. On, before, and subsequent to June 24, 2011, defendants designed, researched, developed, manufactured, tested, marketed, advertised, promoted, distributed, and sold products such as the IVC Filter

14. Defendants sought Food and Drug Administration ("FDA") approval to market the IVC Filter device and/or its components under Section 510(k) of the Medical Device Amendment.

3

15. Defendants obtained FDA approval to market the IVC Filter device and/or its components under section 510(k) of the Medical Device Amendment.

16. Section 510(k) allows marketing of medical devices if the device is deemed substantially equivalent to other legally marketed predicate devices without formal review for the safety or efficacy of the said device.

17. An IVC Filter is a device designed to filter blood clots that would otherwise travel from the lower portions of the body to the heart and lungs. IVC Filters may be designed to be implanted, either temporarily or permanently, within the vena cava.

18. An IVC Filter is designed to prevent thromboembolic events by filtering or preventing blood clots/thrombi from traveling to the heart and/or lungs.

19. On or about June 24, 2011, Plaintiff, MAUREEN FOLEY, underwent a procedure to implant the IVC Filter within her vena cava vein. This procedure was performed at Edward Hospital in DuPage County, Illinois.

20. On or about February 10, 2016, Plaintiff, MAUREEN FOLEY, presented to Adventist LaGrange Memorial Hospital in Cook County, Illinois complaining of abdominal and back pain. There, Plaintiff, MAUREEN FOLEY, underwent a CT Scan, which indicated the IVC Filter to be dislodged and potentially able to perforate through the vena cava nerve. It was then decided that the IVC Filter must be removed.

21. On or about April 27, 2016, again, presented to Adventist LaGrange Memorial Hospital in Cook County, Illinois for the purpose of having the IVC Filter removed from her vena cava. However, due to severe complications regarding the device during the removal, the IVC Filter could only be partially removed. As a result of the attempted removal, Plaintiff, MAUREEN FOLEY, suffered from a blot clot in the vena cava that extended down her right leg.

22. At all times relevant, the IVC Filter was widely advertised and promoted by the Defendants as a safe and effective treatment for prevention of recurrent pulmonary embolism via placement in the vena cava.

23. Additionally, as early as March 2005, the Defendants knew or should have known but subsequently failed to disclose physicians, patients, or plaintiffs that any short term beneficial effect of the insertion of an IVC Filter was outweighed by a significant increase in the risk of deep-vein thrombosis, an increased risk that the filter would not be able to be removed, and an increased risk in filter fracture and/or migration.

24. Defendants knew or should have known of the dangerous propensities of the IVC Filter, including the propensity of its filter to cause injury, similar to the injuries sustained by the Plaintiff. Such knowledge was reasonably and scientifically knowable through appropriate research and testing by known methods at the time Defendants marketed, distributed and sold the IVC Filter at issue.

25. At all times relevant, the Defendants continued to promote the IVC Filter as safe and effective even though the clinical trials that had been performed, including those held in the State of Illinois, were not adequate to support long or short term efficacy.

26. At all times relevant, the Defendants failed and neglected to conduct adequate preclinical, clinical, and post-marketing surveillance and testing to determine whether the IVC Filter was safe for intended and foreseeable use.

27. At all times relevant, the Defendants failed to provide sufficient warnings and instructions that would have put the Plaintiff, MAUREEN FOLEY, and the general public on notice of the dangers and adverse effects caused by implantation of the IVC Filter.

28. The IVC Filter was designed, manufactured, distributed, sold and/or supplied by the Defendants, and was marketed while defective due to the inadequate warnings, instructions,

labeling, and/or inadequate testing in light of Defendants' knowledge of the products failure and serious adverse events.

## CAUSES OF ACTIONS

### COUNT I – NEGLIGENCE – COOK Defendants

29. On, before, and subsequent to June 24, 2011, defendants designed, researched, developed, manufactured, tested, marketed, advertised, promoted, distributed, and sold products such as the IVC Filter

30. Defendants sought Food and Drug Administration ("FDA") approval to market the IVC Filter device and/or its components under Section 510(k) of the Medical Device Amendment.

31. Defendants obtained FDA approval to market the IVC Filter device and/or its components under section 510(k) of the Medical Device Amendment.

32. Section 510(k) allows marketing of medical devices if the device is deemed substantially equivalent to other legally marketed predicate devices without formal review for the safety or efficacy of the said device.

33. An IVC Filter is a device designed to filter blood clots that would otherwise travel from the lower portions of the body to the heart and lungs. IVC Filters may be designed to be implanted, either temporarily or permanently, within the vena cava.

34. An IVC Filter is designed to prevent thromboembolic events by filtering or preventing blood clots/thrombi from traveling to the heart and/or lungs.

35. On or about June 24, 2011, Plaintiff, MAUREEN FOLEY, underwent a procedure to implant the IVC Filter within her vena cava vein. This procedure was performed at Edward Hospital in DuPage County, Illinois.

36. On or about February 10, 2016, Plaintiff, MAUREEN FOLEY, presented to Adventist LaGrange Memorial Hospital in Cook County, Illinois complaining of abdominal and back pain. There, Plaintiff, MAUREEN FOLEY, underwent a CT Scan, which indicated the IVC Filter to be

6

dislodged and potentially able to perforate through the vena cava nerve. It was then decided that the IVC Filter must be removed.

37. On or about April 27, 2016, again, presented to Adventist LaGrange Memorial Hospital in Cook County, Illinois for the purpose of having the IVC Filter removed from her vena cava. However, due to severe complications regarding the device during the removal, the IVC Filter could only be partially removed. As a result of the attempted removal, Plaintiff, MAUREEN FOLEY, suffered from a blot clot in the vena cava that extended down her right leg.

38. At all times relevant, the IVC Filter was widely advertised and promoted by the Defendants as a safe and effective treatment for prevention of recurrent pulmonary embolism via placement in the vena cava.

39. Additionally, as early as March 2005, the Defendants knew or should have known but subsequently failed to disclose physicians, patients, or plaintiffs that any short term beneficial effect of the insertion of an IVC Filter was outweighed by a significant increase in the risk of deep-vein thrombosis, an increased risk that the filter would not be able to be removed, and an increased risk in filter fracture and/or migration.

40. Defendants knew or should have known of the dangerous propensities of the IVC Filter, including the propensity of its filter to cause injury, similar to the injuries sustained by the Plaintiff. Such knowledge was reasonably and scientifically knowable through appropriate research and testing by known methods at the time Defendants marketed, distributed and sold the IVC Filter at issue.

41. At all times relevant, the Defendants continued to promote the IVC Filter as safe and effective even though the clinical trials that had been performed, including those held in the State of Illinois, were not adequate to support long or short term efficacy.

42. At all times relevant, the Defendants failed and neglected to conduct adequate preclinical, clinical, and post-marketing surveillance and testing to determine whether the IVC Filter was safe for intended and foreseeable use.

43. At all times relevant, the Defendants failed to provide sufficient warnings and instructions that would have put the Plaintiff, MAUREEN FOLEY, and the general public on notice of the dangers and adverse effects caused by implantation of the IVC Filter.

44. The IVC Filter was designed, manufactured, distributed, sold and/or supplied by the Defendants, and was marketed while defective due to the inadequate warnings, instructions, labeling, and/or inadequate testing in light of Defendants' knowledge of the products failure and serious adverse events.

45. At all times relevant, Defendants were under a duty to act reasonably to design, develop, manufacture, market and sell a product that did not present a risk of harm or injury to the Plaintiff, MAUREEN FOLEY, and to those people receiving the IVC Filter.

46. On, before, and subsequent to June 24, 2011, Defendants were negligent in one or more of the following ways:

   a. Failed to adequately warn of the possibility of dislodgement, fracture, or disfigurement of the IVC Filter

   b. Failed to adequately warn of the possibility severe injuries or complications regarding the insertion, use of, or removal of the IVC Filter.

   c. Failed to adequately warn of the risk of harm associated with the IVC Filter and to provide adequate instruction on the safe and proper use of the devise.

   d. Failed to properly supply Plaintiff with proper safety instructions that defendants became aware of after the device was distributed and implanted in the Plaintiff.

   e. Failed to adequately warn of the adequacy of the IVC Filters.

   f. Failed to adequately warn of the health risks plaintiff would not have readily recognized.

8

g. Failed to adequately test the IVC Filter for potential disfigurement and dislodgment before putting the product in the stream of commerce.

h. Failed to adequately design the IVC Filter to prevent disfigurement and dislodgement, and severe risks of harm before putting the product in the stream of commerce.

i. Failed to properly manufacture the IVC Filter causing the product to fracture and become dislodged upon implantation in the plaintiff.

j. Failed to properly manufacture a non-defective product before putting it in the stream of commerce.

47. In light of the facts set forth, defendants, owed a duty to Plaintiff, MAUREEN FOLEY, to exercise reasonable care in the design, manufacture, labeling, and advertising of the IVC Filter, which is the subject of this litigation. Defendants breached that duty.

48. As the direct and proximate cause, and as the reasonably foreseeable consequence of, one or more of the aforesaid acts and/or omissions, the IVC Filter was in an unreasonably unsafe condition when Defendants designed, manufactured, advertised, labeled, and otherwise advanced it in the stream of commerce in the course of Defendants' business. Plaintiff, MAUREEN FOLEY, suffered and will continue to suffer injuries of the personal and pecuniary nature.

WHEREFORE Plaintiff, MAUREEN FOLEY, prays for judgement against Defendants, COOK INCORPORATED, COOK GROUP, INC., COOK MEDICAL LLC f/k/a COOK MEDICAL INCORPORATED and COOK MEDICAL, INC., COOK POLYMER TECHNOLOGY, COOK CANTON LLC, and WILLIAM COOK EUROPE APS, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

**COUNT II – STRICT PRODUCT LIABILITY – COOK DEFENDANTS**

9

49. On, before, and subsequent to June 24, 2011, defendants designed, researched, developed, manufactured, tested, marketed, advertised, promoted, distributed, and sold products such as the IVC Filter

50. Defendants sought Food and Drug Administration ("FDA") approval to market the IVC Filter device and/or its components under Section 510(k) of the Medical Device Amendment.

51. Defendants obtained FDA approval to market the IVC Filter device and/or its components under section 510(k) of the Medical Device Amendment.

52. Section 510(k) allows marketing of medical devices if the device is deemed substantially equivalent to other legally marketed predicate devices without formal review for the safety or efficacy of the said device.

53. An IVC Filter is a device designed to filter blood clots that would otherwise travel from the lower portions of the body to the heart and lungs. IVC Filters may be designed to be implanted, either temporarily or permanently, within the vena cava.

54. An IVC Filter is designed to prevent thromboembolic events by filtering or preventing blood clots/thrombi from traveling to the heart and/or lungs.

55. On or about June 24, 2011, Plaintiff, MAUREEN FOLEY, underwent a procedure to implant the IVC Filter within her vena cava vein. This procedure was performed at Edward Hospital in DuPage County, Illinois.

56. On or about February 10, 2016, Plaintiff, MAUREEN FOLEY, presented to Adventist LaGrange Memorial Hospital in Cook County, Illinois complaining of abdominal and back pain. There, Plaintiff, MAUREEN FOLEY, underwent a CT Scan, which indicated the IVC Filter to be dislodged and potentially able to perforate through the vena cava nerve. It was then decided that the IVC Filter must be removed.

57. On or about April 27, 2016, again, presented to Adventist LaGrange Memorial Hospital in Cook County, Illinois for the purpose of having the IVC Filter removed from her vena cava.

10

However, due to severe complications regarding the device during the removal, the IVC Filter could only be partially removed. As a result of the attempted removal, Plaintiff, MAUREEN FOLEY, suffered from a blot clot in the vena cava that extended down her right leg.

58. At all times relevant, the IVC Filter was widely advertised and promoted by the Defendants as a safe and effective treatment for prevention of recurrent pulmonary embolism via placement in the vena cava.

59. Additionally, as early as March 2005, the Defendants knew or should have known but subsequently failed to disclose physicians, patients, or plaintiffs that any short term beneficial effect of the insertion of an IVC Filter was outweighed by a significant increase in the risk of deep-vein thrombosis, an increased risk that the filter would not be able to be removed, and an increased risk in filter fracture and/or migration.

60. Defendants knew or should have known of the dangerous propensities of the IVC Filter, including the propensity of its filter to cause injury, similar to the injuries sustained by the Plaintiff. Such knowledge was reasonably and scientifically knowable through appropriate research and testing by known methods at the time Defendants marketed, distributed and sold the IVC Filter at issue.

61. At all times relevant, the Defendants continued to promote the IVC Filter as safe and effective even though the clinical trials that had been performed, including those held in the State of Illinois, were not adequate to support long or short term efficacy.

62. At all times relevant, the Defendants failed and neglected to conduct adequate preclinical, clinical, and post-marketing surveillance and testing to determine whether the IVC Filter was safe for intended and foreseeable use.

63. At all times relevant, the Defendants failed to provide sufficient warnings and instructions that would have put the Plaintiff, MAUREEN FOLEY, and the general public on notice of the dangers and adverse effects caused by implantation of the IVC Filter.

64. The IVC Filter was designed, manufactured, distributed, sold and/or supplied by the Defendants, and was marketed while defective due to the inadequate warnings, instructions, labeling, and/or inadequate testing in light of Defendants' knowledge of the products failure and serious adverse events.

65. At all times relevant, Defendants were under a duty to act reasonably to design, develop, manufacture, market and sell a product that did not present a risk of harm or injury to the Plaintiff, MAUREEN FOLEY, and to those people receiving the IVC Filter.

66. On, before, and subsequent to June 24, 2011, Defendants defectively designed, manufactured, distributed, and marketed an unreasonably dangerous IVC Filter used by the plaintiff, MAUREEN FOLEY, in one or more of the following ways:

   a. Failed to adequately warn of the possibility of dislodgement, fracture, or disfigurement of the IVC Filter

   b. Failed to adequately warn of the possibility severe injuries or complications regarding the insertion, use of, or removal of the IVC Filter.

   c. Failed to adequately warn of the risk of harm associated with the IVC Filter and to provide adequate instruction on the safe and proper use of the devise.

   d. Failed to properly supply Plaintiff with proper safety instructions that defendants became aware of after the device was distributed and implanted in the Plaintiff.

   e. Failed to adequately warn of the adequacy of the IVC Filters.

   f. Failed to adequately warn of the health risks plaintiff would not have readily recognized.

   g. Failed to adequately test the IVC Filter for potential disfigurement and dislodgment before putting the product in the stream of commerce.

   h. Failed to adequately design the IVC Filter to prevent disfigurement and dislodgement, and severe risks of harm before putting the product in the stream of commerce.

  i. Failed to properly manufacture the IVC Filter causing the product to fracture and become dislodged upon implantation in the plaintiff.

  j. Failed to properly manufacture a non-defective product before putting it in the stream of commerce.

67. In light of the facts set forth, defendants, owed a duty to Plaintiff, MAUREEN FOLEY, to exercise reasonable care in the design, manufacture, labeling, and advertising of the IVC Filter, which is the subject of this litigation. Defendants breached that duty.

68. As the direct and proximate cause, and as the reasonably foreseeable consequence of, one or more of the aforesaid acts and/or omissions, the IVC Filter was in an unreasonably unsafe condition when Defendants designed, manufactured, advertised, labeled, and otherwise advanced it in the stream of commerce in the course of Defendants' business. Plaintiff, MAUREEN FOLEY, suffered and will continue to suffer injuries of the personal and pecuniary nature.

WHEREFORE Plaintiff, MAUREEN FOLEY, prays for judgement against Defendants, COOK INCORPORATED, COOK GROUP, INC., COOK MEDICAL LLC f/k/a COOK MEDICAL INCORPORATED and COOK MEDICAL, INC., COOK POLYMER TECHNOLOGY, COOK CANTON LLC, and WILLIAM COOK EUROPE APS, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

        SUSAN E. LOGGANS & ASSOCIATES, P.C.
           Attorney for Plaintiff


        By:  /s/ *Don M. Sowers*
           One of her Attorneys

SUSAN E. LOGGANS & ASSOCIATES, P.C.
222 N. LaSalle Street, Suite 460
Chicago, IL 60601
T: 312-201-8600
F: 312-201-1180
Firm I.D. No.: 21683
thefirm@logganslaw.com